# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Qalb A.,[1]<br>(A Number: 217-064-086)<br><br>                 Petitioner,<br>   v.<br><br>WARDEN, CALIFORNIA DETENTION FACILITY, et al.,<br><br>               Respondents. | Case No.  1:26-cv-05000-KES-EGC (HC)<br><br>**ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE GRANTED**<br><br>(Doc. 1) |

Qalb A. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner states they have been continuously detained by Immigration and Customs Enforcement since January 8, 2026.  Petitioner claims their detention is unlawful, in violation of agency regulations and that removal to a third-party country would be in violation of Petitioner's rights.

Because Petitioner may be entitled to relief if the claimed violations are proved, Respondents ARE ORDERED TO SHOW CAUSE why the Petition should not be granted.  Rule 4, Rules Governing Section 2254 Cases; *see* Rule 1(b), Rule 11, Rules Governing Section 2254 Cases; Fed. R. Civ. P. 81(a)(2).

In their response, Respondents are ORDERED to address if, and if so how, the issues presented in the present petition differ from those resolved in the Court's prior orders. *See, e.g.,*

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information. See Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

*Ghiassi v. Murray*, No. 1:26-CV-1179-JLT-SKO (HC) (E.D. Cal. Mar. 5, 2026); *Vu v. Noem*, No. 1:25-CV-01366-KES-SKO (HC), 2025 WL 2939179 (E.D. Cal. Oct. 15, 2025); *Nguyen v. Warden*, No. 2:25-CV-03297-SKO (HC), 2026 WL 72110 (E.D. Cal. Jan. 9, 2026); *Duong v. Charles*, No. 1:25-CV-01375-SKO (HC), 2025 WL 3055188 (E.D. Cal. Oct. 31, 2025), and justify denying the motion, or indicate the matter is not substantively distinguishable.

Respondents SHALL INCLUDE a copy of all relevant portions of Petitioner's Alien File and any and all other documentation relevant to the determination of the issues raised in the petition. Rule 5 of the Rules Governing Section 2254 Cases. In the event the Petitioner is released from ICE custody during the pendency of this Petition, the parties SHALL notify the Court by filing a Motion to Dismiss the Petition or other proper pleading.

Accordingly, it is HEREBY ORDERED:

1.  Respondents are ORDERED TO SHOW CAUSE why the Petition should not be granted. The Response to the Order to Show Cause is due within THIRTY (30) days of the date of service of this order.

2.  Petitioner may file a Traverse to the Response within THIRTY (30) days of the date the Response to the Order to Show Cause is filed with the Court.

The Court has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 230(h). As such, the matter will be taken under submission following the filing of Petitioner's Traverse or the expiration of the time for filing the Traverse.

The Clerk of Court is DIRECTED to serve a copy of this order on Petitioner at their last known address as reflected on the docket.

IT IS SO ORDERED.

Dated:   **July 7, 2026**

UNITED STATES MAGISTRATE JUDGE

2