# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ALAA Q.A.,[1]
(A Number: 217-064-086)

Petitioner,

v.

WARDEN, *California City Detention Facility*, et al.

Respondents.

Case No. 1:26-cv-05000-KES-EGC (HC)

**FINDINGS AND RECOMMENDATIONS TO GRANT PETITION**

(Doc. 1)

TEN-DAY DEADLINE

Alaa Q.A. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On July 7, 2026, the undersigned issued an order requiring Respondents to show cause why the writ should not be granted. (Doc.7). On August 6, 2026, Respondents filed a response to the order to show cause. (Doc. 10).

In their response to the petition and order to show cause, Respondents argue that Petitioner is subject to detention pursuant to 8 U.S.C. § 1231(a)(6) because he violated the conditions of his release, has not carried his burden to show that his removal is not likely under *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)—and that even if Petitioner had carried his burden, the government is able to rebut Petitioner's showing. (Doc. 10 at 1–3). Respondents explains that ICE has been attempting to remove Petitioner and that on January 14, 2026, ICE agents submitted a travel

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only their first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

document request to Syria and have been following up monthly on the request. (*Id.* at 2–3).

The court incorporates and adopts the reasoning set forth in Detention *Kozlova v. Warden of the California City Det. Ctr.*, No. 1:26-CV-0499 DJC AC, 2026 WL 1785250, at *3 (E.D. Cal. June 22, 2026), *report and recommendation adopted*, No. 1:26-CV-0499 DJC AC, 2026 WL 1879388 (E.D. Cal. June 30, 2026), where the court explained that during petitioner's ten month detention, "ICE's failure to obtain travel documents during [that] time, and the absence of any indication that [the country to which Petitioner was ordered removed] or another country has agreed or will agree to accept petitioner are sufficient to meet petitioner's initial burden under *Zadvydas*." *See also Ruiz-Acosta v. Cent. Valley Annex*, No. 1:26-CV-04371-DAD-JDP (HC), 2026 WL 1846727, at *2 (E.D. Cal. June 26, 2026). The court further adopts its reasoning set forth in *Kozlova* as to Petitioner's burden to rebut and concludes that Respondents have not met their burden as Respondents have provided no "more than conclusory statements that removal is significantly likely in the reasonably foreseeable future [and] that a request for travel documents is pending or forthcoming." *Kozlova*, 2026 WL 1785250, at *3. Instead, to meet this burden to rebut

> Respondents must provide evidence showing why removal is significantly likely in the reasonably foreseeable future. Evidence showing removal is significantly likely in the reasonably foreseeable future includes showing that removal to the country of removal is common; that the United States and the country of removal have a repatriation agreement in place; that the noncitizen meets the considerations, if any, that the government of the country of removal might take into consideration when deciding whether to issue the noncitizen travel documents; and/or, if applicable, that a new request for travel documents redresses any issue with prior requests. The evidence must also provide insight regarding the expected timing for removal.

*Id.* Respondents have made no such showing here.

The undersigned observes that some of Respondent's briefing is focused on Petitioner's criminal history. (Doc. 10 at 3). But criminal history is not relevant to the inquiry set by the Supreme Court under *Zadvydas*. *Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2021) (holding that, after the six-month presumptively reasonable detention period has lapsed, "if the [non-citizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must either rebut that showing or release the [non-citizen]."). Indeed, as another district court has recently explained, controlling Ninth Circuit

authority has held that even serious criminal history "does not obviate the normal *Zadvydas* analysis." *Kovalchuk v. Martinez*, No. 1:26-cv-00978-JLT-FJS (HC), 2026 WL 1179736, at *1 n.1 (E.D. Cal. Apr. 30, 2026) (citing *Tuan Thai v. Ashcroft*, 366 F.3d 790, 797 (9th Cir. 2004)).

Accordingly, the undersigned finds that Petitioner has met his burden to demonstrate there is no significant likelihood of removal and Respondent has not rebutted that showing.[2] The undersigned, therefore, adopts the Court's analysis in *Kozlova*, 2026 WL 1785250, at *3–*5, and concludes that Petitioner has demonstrated that his continued detention pursuant to 8 U.S.C. § 1231(a)(6) violates his due process rights. The court will therefore recommend Petitioner's immediate release under appropriate conditions of supervision. *See*, *e.g.*, *Yang v. Warden*, *California City Corr. Ctr.*, No. 2:26-CV-00832-DAD-DMC, 2026 WL 765027, at *2 (E.D. Cal. Mar. 18, 2026) (finding "the remedy for a successful Zadvydas claim is generally release of the habeas petitioner under conditions of supervision"); *Celis v. Bondi*, No. 2:26CV00079-GMN-DJA, 2026 WL 710961, at *4 (D. Nev. Mar. 13, 2026) (same); *see also Nguyen v. Hermosillo*, No. 2:26-cv-0335 GJL, 2026 WL 538497, at *5 (W.D. Wash. Feb. 26, 2026) ("The Supreme Court in *Zadvydas* considered conditional release the appropriate remedy once detention exceeds the period reasonably necessary to effectuate removal." (citing *Zadvydas*, 533 U.S. at 699–700)).

**RECOMMENDATION**

Accordingly, the undersigned recommends granting the pending petition, (Doc. 1), and ordering Respondent to immediately release Petitioner from Respondent's custody on the conditions, if any, he was subject to prior to his detention on January 8, 2026 and that Respondent be enjoined and restrained from re-detaining Petitioner for any purpose, absent exigent circumstances, without providing Petitioner notice and a pre-detention hearing before an immigration judge.

These Findings and Recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

---

[2] The court also notes that Respondents do not provide any evidence indicating that he complied with the notice and custody determination requirements set by 8 C.F.R. § 241.4 for extending a detainee's detention beyond the initial 90-day mandatory detention period following entry of a final removal order.

Within ten (10) days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **August 7, 2026**

Erin Sung Castillo

UNITED STATES MAGISTRATE JUDGE